CV10 3933



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MILLICENT ROGERS, CORELIS WILLMORE,
KARRIE JACKSON, ARTHUR MURRAY, MICHAEL
ELLISON, SHIRELL POWELL, ANDRE COTTON,
and JANE HUTCHERSON,

                     Plaintiffs,

    -against-                                         **COMPLAINT**

THE CITY OF NEW YORK, RAYMOND KELLY,
STEVEN MAURIELLO, DANIEL NICOLETTI,
and JOHN and JANE DOES 1-10,

                                                      **PLAINTIFFS DEMAND**
                Defendants.                   **A TRIAL BY JURY**
------------------------------------------------------------X

        Plaintiffs, Millicent Rogers, Corelis Willmore, Karrie Jackson, Arthur Murray, Michael Ellison, Shirell Powell, Andre Cotton, and Jane Hutcherson (herein referred to collectively as "Plaintiffs"), by their attorneys, Reibman & Weiner, as for their complaint against the defendants, allege, upon information and belief, as follows:

### PARTIES, JURISDICTION and VENUE

        1.     At all relevant times herein, plaintiff Millicent Rogers was a black female resident of Bronx County, within the City and State of New York.

        2.     At all relevant times herein, plaintiff Corelis Willmore was a black female resident of Bronx County, within the City and State of New York.

        3.     At all relevant times herein, plaintiff Karrie Jackson was a black female resident of the County of Kings, within the City and State of New York.

4. At all relevant times herein, plaintiff Arthur Murray was a black male resident of the County of Kings, within the City and State of New York.

5. At all relevant times herein, plaintiff Michael Ellison was a black male resident of the County of Kings, within the City and State of New York.

6. At all relevant times herein, plaintiff Shirell Powell was a black female resident of the County of Kings, within the City and State of New York.

7. At all relevant times herein, plaintiff Andre Cotton was a black male resident of the County of Kings, within the City and State of New York.

8. At all relevant times herein, plaintiff Jane Hutcherson was a black female resident of the County of Kings, within the City and State of New York.

9. At all relevant times herein, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

10. At all relevant times hereinafter mentioned, defendant Raymond Kelly was employed by the City of New York as the Commissioner of the NYPD. Kelly is being sued herein in both his official and individual capacities.

11. At all relevant times hereinafter mentioned, defendant Steven Mauriello was employed by the City of New York as the Commanding Officer of the 81st Precinct of the NYPD. Mauriello is being sued in both his official and individual capacities.

12. At all relevant times hereinafter mentioned, defendant Daniel Nicoletti,

Tax Registry No. 942271, was employed by the City of New York as a member of the NYPD, and assigned to the 81st precinct. Nicoletti is being sued in both his official and individual capacities.

13. Upon information and belief, defendants John and Does 1 through 10 were at all relevant times herein employed by the City of New York as members of the NYPD, and are sued in both their official and individual capacities.

14. Upon information and belief, at all relevant times herein each of the individual defendants, including the Doe defendants, were state actors acting in the course of their employment with the NYPD under color of law.

15. Original jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, *et seq.*, and 42 U.S.C. §§ 1981 and 1983. The Court has jurisdiction over the state claims under the legal principles of supplemental jurisdiction.

16. Venue is properly laid in this District pursuant to 28 U.S.C. §1391, *et seq.*, because all of the events complained of herein occurred within the Eastern District of New York, and because it is the district of residence for the majority of the plaintiffs.

17. A Notice of Claim was timely served by each of the plaintiffs upon the defendant City of New York.

18. At least thirty days have passed since plaintiffs' service of their Notices of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

19. Plaintiffs Willmore, Jackson, Cotton, Ellison have complied with all of obligations, requirements and conditions precedent to commencing an action against New York City under New York law.

## FACTUAL ALLEGATIONS

### *Monell/Supervisory Liability Allegations*

20. On or prior to January 1, 2000, the NYPD issued a written policy concerning the use of various types of searches, including but not limited to strip searches, which involve both partial and complete disrobing, during and/or after an arrest. This policy was codified as Patrol Guide Procedure No.: 208-05 ("PG 208-05").

21. PG 208-05 stated, *inter alia*, that all strip searches required approval from a desk officer or supervisor from the precinct of arrest or borough Court Section, and must be based on reasonable suspicion that weapons, contraband or evidence may be concealed in such a way that would not be discovered by either a frisk or field search, or a more thorough search at a police facility.

22. On May 12, 2004, the Civilian Complaint Review Board ("CCRB") submitted a written recommendation to defendant Kelly relating to strip searches. More precisely, the CCRB stated that in the majority of the cases it had investigated, officers and supervisors told CCRB investigators that they or their commands routinely conducted strip searches in violation of the procedures set forth in the Patrol Guide. Thus, the CCRB recommended to Kelly that the NYPD institute enhanced training of officers and supervisory personnel concerning the use of strip searches.

4

23. The CCRB definition of "strip search" specifically included searches that required persons being searched to strip to their underwear, as well as searches requiring complete disrobing, including the removal of underwear.

24. Although the municipal defendant, and defendant Kelly and other senior and supervisory members of the NYPD, had ample notice and knowledge that members of the NYPD were routinely executing improper and unlawful strip searches throughout the City of New York on a regular basis in violation of the state and federal constitutions, as well as the express rules and regulations articulated in the Patrol Guide, neither the NYPD, Kelly, nor any other employee or agency of the City of New York, took any steps to curb said abuses or otherwise correct the chronic, systemic and institutional misuse and abuse of strip searches by NYPD members.

25. Upon information and belief, the defendants, including Kelly and the City of New York, deliberately and intentionally created, engaged in, or otherwise adopted and permitted to continue a pattern and practice of using strip searches in an improper and unlawful manner, in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond October 16, 2009.

26. Additionally, the defendants City of New York, Kelly and Mauriello, by their persistent lax supervision of their officers, by their practice of requiring their officers to effect a certain minimum number of arrests, and persistent and arbitrary refusal to discipline their officers and to fully and adequately investigate allegations of abuse, neglect, cruelty, and violation of departmental rules and regulations, have demonstrated a pattern and practice of

abuse of power and deprivation of civil rights by subjecting persons to unlawful and unjustified detentions and deprivations of legal rights and remedies.

27. Defendant Mauriello personally demanded, and directed supervisory officers in his command to demand, that officers assigned to the 81st Precinct meet quotas for arrests, even if this meant making arrests without probable cause. Mauriello communicated to the officers in his command that they could suffer professional reprisal if they failed to, in part, make enough arrests or otherwise engage in enough statistically demonstrable activity. By instituting and enforcing this policy, Mauriello knew, should have known that officers under his command would make unlawful arrests in order to comply with Mauriello's demand for greater numbers of arrests and activity levels.

28. By implementing and enforcing a policy by which officers were directed to meet arrest quotas, Mauriello deliberately fostered an atmosphere where concern for constitutional rights and legal guidelines were subordinated to a demand for arrests, regardless of there was a legal basis therefore.

29. This practice and policy of Mauriello, which was done with the express or tacit approval of his supervisors and defendant Kelly, resulted in, *inter alia*, the persistent harassment of individuals, false arrest of said persons, insensitivity, intolerance, physical punishment and abuse, failure to investigate claims of abuse and violations of departmental rules and regulations, failure to discipline officers when necessary, covering up such incidents when possible, and generally creating and fostering an environment in which an attitude of "cover-up" and denial and rationalization of officer misbehavior, tortious acts, and violations of law are

6

condoned and accepted, all of which is common knowledge to the subject community and residents within the New York City area and exemplified by the facts alleged herein.

### *The Seizure and Arrest of Plaintiffs on October 16, 2009*

30. On October 16, 2009, at or about 11:15 p.m., the plaintiffs were lawfully assembled at or about 347 Lewis Avenue, in Kings County in the City and State of New York (the "Premises").

31. The Premises is a privately owned building that consists, in relevant part, of a small social club. On October 16, 2009, plaintiffs were present at the Premises as invited guests..

32. On October 16, 2009, at or about 11:15 p.m., Nicoletti and other members of the NYPD, including the Doe defendants, physically forced their way into the Premises.

33. The defendants, while inside the Premises, seized each of the plaintiffs at gunpoint, forced them to the floor, and then handcuffed and placed them under arrest.

34. None of the plaintiffs were in possession of narcotics or weapons, nor had any of the plaintiffs been observed engaging in any illegal activity.

35. At no time did the defendants have adequate legal cause to detain, seize or arrest plaintiffs, nor could defendants have reasonably believed that such cause existed.

36. The plaintiffs were detained at the Premises for a period of time and then transported to the 81st Precinct station house for processing. While at the station house, the plaintiffs were fingerprinted and photographed and subjected to a strip search.

7

37. Several hours later the plaintiffs were transported to Central Booking in Kings County.

38. Plaintiffs were imprisoned at Central Booking for a period of many hours, during which time plaintiffs were again subjected to a strip search.

39. At no time did the defendants have a reasonable suspicion that any of the plaintiffs were concealing weapons, contraband or evidence upon their persons or in their clothing in such a manner that would not be discovered by other, less intrusive search methods available, nor could defendants have reasonably believed that they were authorized to conduct a strip search of any of the plaintiffs.

40. Eventually, all of the plaintiffs, other than Michael Ellison, were summarily released after the Kings County District Attorney declined to prosecute them. No charges were brought against Michael Ellison. However, the defendants believed Mr. Ellison had an outstanding warrant and so, instead of being released, he was sent to Rikers Island.

41. None of the plaintiffs were provided transportation home, or to the Precinct station house, where the defendants were holding some of the plaintiffs' personal effects.

42. At all times relevant herein, each of the defendants, including all of the John Doe defendants, were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

43. Pursuant to Rule 10(c), plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "42" of the complaint as if incorporated and reiterated herein.

44. Defendants Nicoletti and the Doe defendants, willfully and intentionally seized, searched and arrested plaintiffs without cause, and without a reasonable basis to believe such cause existed, and in so doing, violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

45. By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused each of the plaintiffs to be deprived of his or her federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## SECOND CAUSE OF ACTION

46. Pursuant to Rule 10(c), plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "45" of the complaint as if incorporated and reiterated herein.

47. Defendants City of New York, Kelly and Mauriello created, caused to be created, or were otherwise aware of and overtly or tacitly endorsed a policy by which officers assigned to the 81 precinct were directed to meet quotas and prescribed activity levels by making arrests, regardless of whether all of the arrests were lawful or otherwise supported by probable cause.

48. This policy aggressively directed officers to seize, detain, and arrest individuals in order to improve the statistical performance of the 81st precinct, and expressly authorized officers to to make arrests without sufficient legal cause.

49. These defendants, by creating and/or enforcing this policy, caused persons inthe deprivation of plaintiffs' rights as set forth herein.

50. By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused each of the plaintiffs to be deprived of his or her federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

### THIRD CAUSE OF ACTION

51. Pursuant to Rule 10(c), plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "50" of the complaint as if incorporated and reiterated herein.

52. Defendants City of New York, Kelly and Mauriello were on notice that on and prior to the date of plaintiffs' arrest, NYPD officers, employees, and their agents, were routinely employing strip searches, and arrests and detentions, without legal justification in violation of state and federal constitutional provisions, as well as the express language of the Patrol Guide.

53. These defendants deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of strip searches, arrests and detentions, by NYPD members, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy,

practice and custom of utilizing illegal and impermissible strip searches, arrests and detentions, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the date of plaintiffs' arrest.

54. By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused each of the plaintiffs to be deprived of his or her federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## FOURTH CAUSE OF ACTION

55. Pursuant to Rule 10(c), plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "54" of the complaint as if incorporated and reiterated herein.

56. Defendants' violation of plaintiffs' constitutional rights was motivated by defendants' racial animus towards plaintiffs and was knowingly undertaken with the intent to deny the plaintiffs their right to full and equal benefit of the laws on the basis of their race.

57. By reason of the foregoing, defendants violated 42 U.S.C. § 1981 and caused each of the plaintiffs to be deprived of his or her federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## FIFTH CAUSE OF ACTION

58. Pursuant to Rule 10(c), plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "57" of the complaint as if incorporated and reiterated herein.

59. Plaintiffs were intentionally, willfully, maliciously and/or with reckless disregard, seized, arrested, detained, held in custody, and repeatedly strip searched by defendants against their will.

60. At no time did defendants have probable cause, legal justification, authority, or any colorable legal basis for seizing, arresting, detaining and searching plaintiffs, and said detention, of which each plaintiff was conscious, was unlawful.

61. Regardless of whether defendants had a lawful basis to briefly detain plaintiffs at the time of their arrest (which defendants had absolutely no right to do), at no time prior to or during the unlawful detention did defendants have sufficient legal cause, justification or any colorable legal basis to require plaintiffs to submit to a strip search, or to continue to detain plaintiffs beyond an initial inquiry, and said detention and searches were unlawful.

62. Defendants are liable for falsely arresting, imprisoning, and searching and strip searching plaintiffs.

63. By reason thereof, defendants have caused each of the plaintiffs to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## SIXTH CAUSE OF ACTION

64. Pursuant to Rule 10(c), plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "63" of the complaint as if incorporated and reiterated herein.

65. Defendants intentionally, knowingly, and maliciously and/or with reckless disregard, threatened to, and did make physical contact with each of the plaintiffs against each of the plaintiffs' will and without his or her consent or permission, in the course of placing and keeping plaintiff in defendants' custody, and in carrying out the searches and strip searches of each of the plaintiffs.

66. Defendants are liable to each of the plaintiffs for assault and battery.

67. By reason thereof, defendants have caused each of the plaintiffs to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## SEVENTH CAUSE OF ACTION

68. Pursuant to Rule 10(c), plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "67" of the complaint as if incorporated and reiterated herein.

69. The defendants, individually, jointly and severally, and through their agents, servants, employees, and/or associates were responsible for the proper, adequate and necessary permissible police and law enforcement conduct with respect to any interaction with the plaintiffs.

13

70. Defendant City of New York was on notice that on and prior to the date of plaintiffs' arrest, officers, employees, and their agents, including officers assigned to the Brooklyn North Narcotics Bureau were routinely employing strip searches, arrests and detentions without legal justification in violation of state and federal constitutional provisions, as well as the express language of the Patrol Guide.

71. Defendant City of New York breached its duty of care to plaintiffs by failing to take any reasonable or adequate steps to stop, prevent, or limit the defendants' unlawful and malicious conduct, and this breach was the proximate cause of the deprivation of plaintiffs' constitutional rights and the tortious conduct described herein.

72. The police and law enforcement conduct engaged in and rendered to plaintiffs by the defendants, individually, jointly and through their agents, servants, employees, and/or associates was careless and negligent and not in accordance with good and accepted police and law enforcement practices and in violation of NYPD policies and procedures, and was not otherwise reasonable conduct under the circumstances then and there existing.

73. Defendants City of New York is liable for the negligent supervision of the other individual defendants, and any other NYPD members, employees and agents, involved in the seizures, searches, and detention of plaintiffs as alleged herein.

74. As a result of the carelessness and negligence and violation of NYPD procedures and policies by the respective defendants, their agents, servants, employees and/or associates, plaintiffs were caused to sustain severe and irreparable injuries.

75. By reason thereof, defendants have caused each of the plaintiffs to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

### EIGHTH CAUSE OF ACTION

76. Pursuant to Rule 10(c), plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "75" of the complaint as if incorporated and reiterated herein.

77. By their actions described herein, defendants acted intentionally and with malice aforethought to cause plaintiffs extreme emotional disturbance.

78. The actions of defendants described herein were outrageous and designed only to harm plaintiffs

79. By reason thereof, plaintiffs have suffered damages including but not limited to emotional and psychological injuries.

### NINTH CAUSE OF ACTION

80. Pursuant to Rule 10(c), plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "79" of the complaint as if incorporated and reiterated herein

81. Defendants' willfully and intentionally seized, searched and arrested plaintiffs without cause, and without a reasonable basis to believe such cause existed, and retaliated against plaintiffs for exercising their constitutional rights, and in so doing, violated,

conspired to violate, and aided and abetted in the violation of plaintiffs' rights under Article 1, §§11, 12 of the Constitution of the State of New York.

82. Defendants' violation of plaintiffs' state constitutional rights was knowingly undertaken with the intent to deny the plaintiffs their right to full and equal benefit of the laws on the basis of their race.

83. By reason thereof, defendants have caused each of the plaintiffs to be deprived of his or her state constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against the defendants jointly and severally as follows:

  i. on the first cause of action actual and punitive damages in an amount to be determined at trial;

  ii. on the second cause of action actual and punitive damages in an amount to be determined at trial;

  iii. on the third cause of action actual and punitive damages in an amount to be determined at trial;

  iv. on the fourth cause of action actual and punitive damages in an amount to be determined at trial;

  v.  on the fifth cause of action actual and punitive damages in an amount to be determined at trial;

  vi.  on the sixth cause of action actual and punitive damages in an amount to be determined at trial;

  vii.  on the seventh cause of action actual and punitive damages in an amount to be determined at trial;

  viii.  on the eighth cause of action actual and punitive damages in an amount to be determined at trial;

  ix.  on the ninth cause of action actual and punitive damages in an amount to be determined at trial;

  x.  statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

  xi.  such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
    August 16, 2010

            REIBMAN & WEINER

          By: _____
            Michael Lumer, Esq. (ML-1947)
            Attorneys for Plaintiffs
            26 Court Street, Suite 1005
            Brooklyn, New York 11242
            (718) 522-1743